

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

v.

DWAYNE MORDECAI MCBEAN,

        Defendant.

───────────────────────────────

08-CR-893 (JBW)

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On January 22, 2009, Dwayne Mcbean pled guilty to a single-count indictment, which charged that on December 5, 2008, the defendant, an alien who was illegally and unlawfully in the United States, was found in possession of a .45 caliber Smith & Wesson handgun, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2).

Mcbean was sentenced on May 12, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twelve and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between ten and sixteen months. The offense carried a maximum term of imprisonment of ten years. See 18 U.S.C. § 924(a)(2). The guidelines range of fine was from $3,000 to $30,000.

Mcbean was sentenced to ten months imprisonment and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. The defendant is likely to face deportation upon completion of his term of imprisonment.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). A sentence at the bottom of the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The defendant was found in possession of a weapon. The illegal possession of a gun in New York City is dangerous and serious, even when it is not loaded or carried outside of the home. The defendant immediately accepted responsibility for his illegal action and has demonstrated his contrition. His background demonstrates that he is a hard worker, having maintained employment in a number of roles useful to society. The court recognizes that Mcbean is capable of leading a productive, law-abiding life, given his personal and employment background, and the stable relationships he maintains with family and a girlfriend who attended his sentencing. A sentence of ten months imprisonment reflects the seriousness of the offense, will promote respect for the law, and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a message that illegal possession of a firearm is a serious offense and will result in substantial punishment. Specific deterrence is achieved through incapacitation and his expected deportation from the country at the conclusion of his prison term. It is unlikely that he will engage in further criminal activity in light of his expressions of remorse, admirable work history, and positive relationships with others.

Jack B. Weinstein
Senior United States District Judge

Dated: June 22, 2009
Brooklyn, New York